## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRED L. WAGNER,** | : | |
| | : | **Civil Action No. 1:04-CV-1133** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **TUSCARORA SCHOOL DISTRICT;** | : | |
| **BOARD OF SCHOOL DIRECTORS** | : | |
| **OF THE TUSCARORA SCHOOL** | : | |
| **DISTRICT; ROBERT BEAUMONT;** | : | |
| **THOMAS STAPLEFORD; JANE** | : | |
| **RICE; MICHAEL RICE; GEOFFREY** | : | |
| **SPIDEL; DARLA THARP; and** | : | |
| **KEITH SMITH,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

Before the Court is a partial motion to dismiss Plaintiff's second amended complaint filed collectively by the above-captioned defendants. (Doc. No. 35.) The motion has been fully briefed and is ripe for disposition. For the reasons that follow, the motion will be granted in part and denied in part.

## I.   BACKGROUND

Plaintiff initiated this civil action by a complaint filed May 25, 2004, which he subsequently amended on July 8, 2004, and amended again on January 28, 2005. In the second amended complaint Plaintiff names the following Defendants: Tuscarora School District ("District"); the Board of School Directors of the Tuscarora School District ("Board"); Principal Robert Beaumont; Superintendent Thomas Stapleford; individual Board members Jane Rice, Michael Rice, and Geoffrey Spidel ("Defendant Board Members"); and teachers Darla Tharp and Keith Smith ("Defendant Teachers"). On February 24, 2005, Defendants filed the motion to dismiss currently before the Court. (Doc. No.

35.)

Plaintiff was employed by the District for a period of twenty years as a high school band director. (Doc. No. 33 at 4.) Beaumont is the principal of the high school. (Id.) Stapleford is the Superintendent of Schools for the District of Tuscarora. (Id.) Spidel, Jane Rice, and Michael Rice are members of the Board of Directors of the Tuscarora School District. (Id.) Tharp is a teacher at the high school and Smith is an elementary teacher. (Id. at 5.)

Plaintiff alleges that Defendants conspired to terminate his employment. Specifically Plaintiff alleges that Defendant Beaumont harbored a personal dislike for Plaintiff and that Defendant Board Members hired Stapleford as Superintendent on the condition he terminate Plaintiff. (Id. at 6, 9.) Plaintiff claims that Defendant Board Members met with Superintendent Stapleford for the purpose of planning a course of action to suspend and/or terminate Plaintiff's employment. (Id. at 9.) Plaintiff also alleges that Defendants falsely accused him of receiving kickbacks and of sexually harassing students. (Id. at 10, 11-13.) Despite the lack of formal charges following a police investigation, Plaintiff was suspended without pay on August 12, 2003, and was allegedly told by Stapleford that "[he] had 24 hours to resign, or else he would be terminated." (Id. at 13.) Plaintiff claims he was suspended without notice or the opportunity to respond to the allegations against him. (Id.) In addition, Plaintiff alleges that Superintendent Stapleford and Principal Beaumont contacted local newspapers, which reported that Plaintiff was accused of sexually harassing students. (Id. at 14.)

Plaintiff asserts the following claims: violations of his Constitutional rights to substantive and procedural due process; civil conspiracy; defamation per se; tortious interference with employment; breach of contract; and violation of the Pennsylvania Wage Payment and Collection Law, 43 Pa. Stat.

Cons. Ann. § 2601 et seq. (Doc No. 33.) Defendants have moved to partially dismiss the claims

against them for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure. (Doc. No. 35.)

## II.   STANDARD OF REVIEW

A motion to dismiss tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d

176, 183 (3d Cir. 1993). When considering a motion to dismiss, the court accepts as true all factual

allegations contained in the complaint and views them in the light most favorable to the plaintiff. United

States Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). The plaintiff is required to

"set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn

that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court should grant a motion to

dismiss only if it appears the plaintiff can prove no set of facts in support of his claim that would entitle

him to relief. Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985) (citations

omitted).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when,

taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter

of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the

moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir.

1980). "A court may dismiss a complaint only if it is clear that no relief could be granted under

any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding,

467 U.S. 69, 73 (1984). However, "a court need not credit a complaint's 'bald assertions' or 'legal

conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902,

906, 908 (3d Cir. 1997). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Lake v. Arnold, 112 F.3d 682, 688 (3d Cir. 1997) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982)).

## III.   DISCUSSION

### A.   PLAINTIFF'S DUE PROCESS CLAIMS

The Fourteenth Amendment forbids state actors from depriving persons of life, liberty or property without due process of law. U.S. Const. amend. XIV, § 1; see also Elmore v. Cleary, 399 F.3d 279, 282 (3d Cir. 2005). The protections required by the Due Process Clause are triggered by the particular rights and interests at stake in a case. Graham v. City of Philadelphia, 402 F.3d 139, 145 (3d Cir. 2005) (citing Washington v. Harper, 494 U.S. 210, 229 (1990)). Plaintiff has alleged that the District, Board, Beaumont, Stapleford, and Defendant Board Members acted under color of law to violate Plaintiff's due process rights. Plaintiff contends that Defendants deprived Plaintiff of his liberty interest in his reputation, an asserted property interest in his employment, and his right to potential future employment. (Doc. No. 33 at 20, 24.) Defendants have moved to dismiss the substantive due process portion of Counts I and II as to all Defendants and the procedural due process portion of Count II as to all Defendants.

In a substantive due process challenge of non-legislative state action, the United States Court of Appeals for the Third Circuit has held that a plaintiff must establish, as a threshold matter, that the property interest at stake is "fundamental" under the Constitution. Nicholas v. Pa. State Univ., 227 F.3d 133, 142 (3d. Cir. 2000). Courts have held that property interests in employment are not so

4

"fundamental" as to be afforded substantive due process protections.  See Id.; see also Williams v. Pa. State Police Bureau of Liquor Enforcement, 108 F. Supp. 2d 460, 470-71 (E.D. Pa. 2000) (holding that public employment is not a fundamental property interest that implicates substantive due process). For example, in Nicholas, a tenured university professor brought a substantive due process challenge against the university for retaliatory discharge and breach of contract.  The Third Circuit held that the professor's interest in his tenured employment was not a protected property interest to which substantive due process applies.  Id. at 143.  The Third Circuit joined the majority of courts of appeals when it reasoned that "tenured public employment bears little resemblance to other rights and property interests that have been deemed fundamental under the Constitution."  Id. (collecting cases). Because Plaintiff's claim of substantive due process violation rests entirely on an alleged employment interest as a public school teacher, the Court finds that Plaintiff has failed to state a cognizable substantive due process claim.

Plaintiff also asserts a substantive due process violation with respect to his liberty interest in his reputation.  To make out a claim for a violation of a liberty interest in reputation, Plaintiff must show a stigma to his reputation and some accompanying infringement of a protected right or interest.  Paul v. Davis, 424 U.S. 693, 701 (1976) (although not every defamation by a public official will constitute a deprivation of liberty subject to constitutional protection, stigma to reputation, together with an impact on a "tangible interest, such as employment" may require due process protection); Ersek v. Township of Springfield, 102 F.3d 79, 83 n.5 (3d Cir. 1996).  Courts have referred to this as the "reputation plus" requirement.  Id.  Accordingly, although injury to reputation alone is not a liberty interest protected under the Fourteenth Amendment, stigma to reputation accompanied by a deprivation of

present or future employment may be a liberty interest requiring due process protection.  Robb v. City of Philadelphia, 733 F.2d 286, 294 (3d Cir. 1984).

The reputation-plus liberty interest "is not accorded substantive due process protection; rather, the right accorded is that of procedural due process or more specifically the right to an opportunity to refute the charges and clear one's name."  Pulchaski v. Sch. Dist. of Springfield, 161 F. Supp. 2d 395, 406 (E.D. Pa. 2001) (citing Codd, 429 U.S. at 627; Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 573 (1972); Paul, 424 U.S. at 710).  Accordingly, the Court finds that although Plaintiff has alleged a cognizable procedural due process claim regarding his right to reputation, he cannot maintain a substantive due process claim on this basis.

Defendants claim they are entitled to qualified immunity from Plaintiff's due process claims.  Qualified immunity generally shields government officials performing discretionary functions "from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Kopec v. Tate, 361 F.3d 772, 776 (3d Cir. 2004) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  A defendant has the burden of proving that they are entitled to qualified immunity.  Kopec, 361 F.3d at 776 (citing Beers-Capitol v. Whetzel, 256 F.3d 120, 142 n.15 (3d Cir. 2001)).  In determining whether qualified immunity applies, the Court considers:  (1) whether the plaintiff has alleged the deprivation of an actual constitutional right and, if so, (2) whether the right was clearly established at the time of the alleged violation.  Saucier v. Katz, 533 U.S. 194, 200-01 (2001).  The relative dispositive inquiry in making this determination is "whether it would be clear to a reasonable [person] that his conduct was unlawful in the situation he confronted."  Id. at 202.  "A right is clearly established if its outlines are sufficiently

6

clear that a reasonable [official] would understand that his action violates the right." Sterling v. Borough of Minersville, 232 F.3d 190, 193 (3d Cir. 2000).  Therefore, the Court must determine first whether the plaintiff has alleged a deprivation of a constitutional right in the first instance, before it reaches the question of whether the right was clearly established at the time.  This analysis must occur for each individual defendant based on his particular conduct. Grant v. City of Pittsburgh, 98 F.3d 116, 122 (3d Cir. 1996).  All allegations must be viewed in a light most favorable to Plaintiff. Saucier, 533 U.S. at 201.

The establishment of the right to procedural due process is recognized by, and made a part of, the Pennsylvania School Code of 1949, which provides:

> The board of school directors in any school district, except as herein otherwise provided, shall after due notice, giving the reasons therefor[e], and after hearing if demanded, have the right at any time to remove any of its officers, employe[e]s, or appointees for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct.

24 Pa. Cons. Stat. Ann. § 5-514 (West 2005).   On this basis alone, the Court finds that a public school teacher's right to procedural due process prior to removal is a clearly established right of which Defendants should have been aware, and any conduct by Defendants that violates this right would fall outside the bounds of qualified immunity.

In Count II of his amended complaint, Plaintiff claims that Defendants Stapleford, Beaumont, and Defendant Board Members, acting in their individual capacities, violated his right to procedural due process.  (Doc. No. 33, at 24-27.)  However, Plaintiff has failed to allege that Principal Beaumont or the Defendant Board Members attended or participated in the August 12, 2003 hearing during which Plaintiff was allegedly advised he had to resign or would be terminated immediately.  Therefore, Plaintiff

has failed to state a claim that Defendants Beaumont and Defendant Board Members violated Plaintiff's right to procedural due process.

Defendants argue that Stapleford is entitled to qualified immunity because the due process owed to Plaintiff is limited to pre- and post- hearings relating to actual termination, not to suspension of employment.  (Doc. No. 36, at 10.)  Accordingly, Defendants contend that Stapleford is entitled to qualified immunity because either Plaintiff has not alleged a constitutional deprivation, or, if Plaintiff has alleged deprivation of a constitutional right, such a right was not clearly established.  The Court disagrees.  Notwithstanding Defendants' characterization of the August 12, 2003 hearing as a suspension hearing, Plaintiff has alleged that Superintendent Stapleford informed him that he "had 24 hours to resign, or else he would be terminated."  (Doc. No. 33 at 13.)  This allegation, accepted as true for purposes of evaluating this motion to dismiss, suggests the purpose of the hearing was not to explore a possible suspension, but was in essence a <u>de</u> <u>facto</u> termination hearing.  When taken in a light most favorable to Plaintiff, the alleged facts are sufficient to support Plaintiff's claim of procedural due process violation against Defendant Stapleford, and the Court finds the claim is sufficient to withstand the qualified immunity challenge at this state of the proceedings.

In summary, Defendants' motion to dismiss the substantive due process portion of Count I against the District and the Board will be granted.  In addition, Defendants' motion to dismiss the substantive due process portion of Count II against Beaumont and Defendant Board Members will also be granted.  However, the motion to dismiss the procedural due process portion of Count II will be

8

granted in part and denied in part.[1]  As discussed above, Defendant's motion to dismiss the procedural

due process claim against Defendant Stapleford will be denied, and Defendants' motion to dismiss the

procedural due process claim against Defendants Beaumont and Defendant Board Members will be

granted.

### B.     PLAINTIFF'S STATE LAW CLAIMS

In Plaintiff's second amended complaint, he alleges several state law claims.  Defendants argue

that the claims should be dismissed because Plaintiff failed to establish facts to support the claims and

because they are entitled to immunity.  These claims will be addressed in turn.

### 1.     Defamation

In Count IV, Plaintiff alleges a claim of defamation per se against all Defendants.  (Doc. No.

33.)  In response, Defendants argue that Plaintiff has failed to allege facts sufficient to support a claim of

defamation against Defendant Board Members.  Defendants also argue that the District and the Board

are immune from Plaintiff's state law tort claims.  (Doc. No. 36.)

In order to establish a claim of defamation, the plaintiff has the burden of proving:  (1) the

defamatory character of a communication; (2) its publication by the defendant; (3) its application to the

plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the

recipient of it as intended to be applied to the plaintiff; (6) special harm resulting to the plaintiff from its

publication; and (7) abuse of a conditionally privileged occasion.  42 Pa. Cons. Stat. Ann. § 8343(a).

A plaintiff need not prove special harm if a statement is defamatory per se.  Synergy, Inc. v. Scot-

---

[1]Defendants have moved to dismiss only the substantive due process portion of Count I and
therefore the Court does not address Plaintiff's procedural due process claims contained in Count I.

Levin, Inc., 51 F. Supp. 2d 570, 580 (E.D. Pa. 1999), aff'd, 229 F.3d 1139 (3d Cir. 2000); Corabi v.

Curtis Publishing Co., 273 A.2d 899, 920 n.25 (Pa. Super. Ct. 1971).  Words tending to impute

criminal offense, loathsome disease, business misconduct, or serious sexual misconduct constitute

defamation per se.  Clemente v. Espinosa, 749 F. Supp. 672, 677 (E.D. Pa. 1990).

In this case, Plaintiff alleges that Defendants Beaumont and Stapleford gave statements to local

newspapers, which were published, representing falsely that Plaintiff had sexually harassed students.

The Court finds that if proven, such statements may constitute defamation per se and that Plaintiff has

therefore sufficiently pled a cause of action for defamation against Defendants Beaumont and

Stapleford.  However, Plaintiff has not alleged that any of the other Defendants made defamatory

remarks about him.  As a result, Plaintiff has failed to state a claim for defamation against any other

individual Defendants.

Defendants argue that the District and Board are not liable for defamation pursuant to the

Pennsylvania Political Subdivision Tort Claims Act ("PSTCA").  42 Pa. Stat. Cons. Ann. § 8541.  The

PSTCA provides that "no local agency shall be liable for any damages on account of any injury to a

person or property caused by any act of the local agency or an employee thereof or any other person."

42 Pa. Stat. Cons. Ann. § 8541.  The District and Board constitute local agencies for purposes of

governmental immunity.  See Petula v. Mellody, 631 A.2d 762, 765 (Pa. Commw. Ct. 1993).  There

are certain exceptions to this general grant of immunity set forth in section 8542 of the PSTCA.

However, under section 8542, a party seeking to recover against a local agency must demonstrate that

it has a common law or statutory cause of action in negligence against the local agency and that the local

agency's alleged acts fall within one of the eight enumerated exceptions.[2]  Defamation is not included

among the specifically designed exceptions to governmental immunity.  Keim v. County of Bucks, 275

F. Supp. 2d 628, 638 (E.D. Pa. 2003); see also Satterfield v. Borough of Schuylkill Haven, 12 F.

Supp. 2d 423, 442 (E.D. Pa. 1998) (holding that "under Pennsylvania law, a local agency . . . is

immune from cause of action sounding in defamation").  Therefore, the Court finds that Plaintiff's claim

of defamation against the District and Board must be dismissed.

### 2.    Tortious Interference with Employment.

In Count V, Plaintiff alleges that all individual Defendants tortiously interfered with Plaintiff's

employment.  (Doc. No. 33.)  Defendants have moved to dismiss the claim in Count V against

Defendants Stapleford and Defendant Board Members.[3]  (Doc. No. 35.)  In this Commonwealth,

"[o]ne who intentionally and improperly interferes with the performance of a contract . . . between

another and a third person by inducing or otherwise causing the third person not to perform the

contract, is subject to liability to the other for the pecuniary loss resulting to the other from the third

person's failure to perform the contract."  Judge Technical Servs., Inc. v. Clancy, 813 A.2d 879, 887

(Pa. Super. Ct. 2002) (internal quotations omitted).

In order to sustain a claim for intentional interference with performance of a contract, Plaintiff

must satisfy the following four elements: (1) the existence of a contractual relationship; (2) an intent on

---

[2]Those exceptions are: (1) vehicle liability, (2) care, custody or control of personal property, (3) real property, (4) tree, traffic controls and street lighting, (5) utility service facilities, (6) streets, (7) sidewalks, and (8) care, custody or control of animals.  42 Pa. Stat. Cons. Ann. § 8542(b).

[3]Defendants have not moved to dismiss the claim against Principal Beaumont or Defendant Teachers.

the part of the defendant to harm the plaintiff by interfering with that contractual relationship; (3) the

absence of a privilege for such interference; and (4) damages resulting from the defendant's conduct.

Triffin v. Janssen, 626 A.2d 571, 574 (Pa. Super. Ct. 1993).

Plaintiff, whose employment was subject to a collective bargain agreement, alleges that

Principal Beaumont provided false information about Plaintiff to Defendant Board Members with the

intent to persuade them to terminate Plaintiff.  (Doc. No. 33 at 8.)  In addition, Plaintiff alleges that

Defendant Board Members intended to interfere with Plaintiff's employment when they hired

Superintendent Stapleford because he committed to "getting rid" of Plaintiff.  (Id.)  Plaintiff further

alleges that Defendant Teachers interfered with Plaintiff's employment when they initiated  false

accusations against Plaintiff.  (Id. at 10-11.)  The Court finds that if Plaintiff's allegations are proven,

such conduct may constitute tortious interference with Plaintiff's employment.  Accordingly, Plaintiff has

sufficiently pled a cause of action for tortious interference with employment against Defendants

Beaumont, Stapleford, Defendant Teachers, and Defendant Board Members.

### 3.      Pennsylvania Wage Payment and Collection Law Claims.

In Count VII, Plaintiff alleges that the District and Board violated the Pennsylvania Wage

Payment and Collection Law ("WPCL"), 43 Pa. Stat. Cons. Ann. § 2601 et seq.  The WPCL

provides as follows:

> Actions by an employe[e], labor organization, or party to whom any
> type of wages is payable to recover unpaid wages and liquidated
> damages may be maintained in any court of competent jurisdiction,
> by such labor organization, party to whom any type of wages is
> payable or any one or more employe[e]s for and in behalf of himself
> or themselves and other employe[e]s similarly situated, or such employe[e]
> or employe[e]s may designate an agent or representative to maintain such

> action or on behalf of all employe[e]s similarly situated. Any such employe[e],
> labor organization, party, or his representative shall have the power to
> settle or adjust his claim for unpaid wages.

43 P.S. § 260.9a(b).  "[T]he WPCL does not create a right to compensation . . . [r]ather, it provides a

statutory remedy when the employer breaches a contractual obligation to pay earned wages."  De

Asencio v. Tyson Foods, Inc., 342 F.3d 301, 309 (3d Cir. 2003).

The WPCL defines the term employer to include "every person, firm, partnership, association,

corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any

of the above-mentioned classes employing any person in this Commonwealth."  43 Pa. Stat. Cons.

Ann. § 260.2a.  Pennsylvania courts have expressly declined to extend the WPCL to school district

employers.  See Chatterjee v. Sch. Dist. of Philadelphia, 170 F. Supp. 2d 509, 518 (E.D. Pa. 2001)

("This definition has been held not to embrace school districts") (citing Phillipsburg-Osceola Educ.

Ass'n v. Phillipsburg-Osceola Area Sch. Dist., 633 A.2d 220, 223 (Pa. Commw. Ct. 1993) ("We

therefore decline to extend the Wage Law to school district employers")).  In accordance with these

decisions, the Court finds that Plaintiff's WPCL claim against the District and Board must be dismissed.

### 4.      Conspiracy to Defame and Tortiously Interfere with Employment.

In Count II, Plaintiff alleges that the individual Defendants conspired to defame him and

tortiously interfere with his employment.  Defendants argue that Plaintiff has failed to allege facts which

support a claim of conspiracy.

Under Pennsylvania law, a Plaintiff must allege the existence of each element of civil conspiracy

in order to state a valid cause of action.  Burnside v. Abbot Labs., 505 A.2d 973, 980 (Pa. Super. Ct.

1985).  As a result, a complaint must allege "a combination of two or more persons to do an unlawful

13

or criminal act or to do a lawful act by unlawful means or for an unlawful purpose." <u>Landau v. W. Pa.</u>
<u>Nat'l Bank</u>, 282 A.2d 335, 339 (Pa. Super. Ct. 1971) (citations omitted).  In addition, "a claim of civil
conspiracy cannot be pled without alleging an underlying tort." <u>Boyanowski v. Capital Area</u>
<u>Intermediate Unit</u>, 215 F.3d 396, 405-406 (3d Cir. 2000) (citing <u>Nix v. Temple Univ.</u>, 596 A.2d
1132, 1137 (Pa. Super. Ct. 1991)).

Plaintiff has alleged Defendants held meetings amongst themselves for the purpose of
terminating or suspending his employment.  (Doc. No. 33, at 9-12.)  Plaintiff has also alleged
agreement among Defendants to defame Plaintiff by reporting "baseless allegations of sexual
harassment, which they knew to be substantially and materially false."  (Doc. No. 33 at 14.)  The Court
finds that, if proven, these allegations taken together would support a claim of conspiracy.  Accordingly,
Plaintiff has sufficiently pled a cause of action for conspiracy against the individual Defendants.

**5.      Defendants' Claim of High Public Official Immunity from Plaintiff's Tort
Claims.**

Defendants claim they enjoy high public official immunity from all of Plaintiff's tort claims.  "An
official's status as a high public official for purposes of absolute immunity is determined on a case-by-
case basis, and depends on the nature of his duties, the importance of his office, and particularly
whether or not he has policy-making functions." <u>Zugarek v. S. Tioga Sch. Dist.</u>, 214 F. Supp. 2d 468,
479 (M.D. Pa. 2002) (quotation omitted).  However, high public officials are entitled to absolute
immunity from state law suits only when acting in their official capacities. <u>Zugarek</u>, 214 F. Supp. 2d at
479 (internal citations omitted).  Furthermore, the defense of official immunity does not apply to any act

by a high public official that constitutes a crime, actual fraud, actual malice or willful misconduct.[4]  42

Pa. Cons. Stat. Ann. § 8550.

Pennsylvania courts have recognized that a school superintendent is a high public official under

this common law doctrine.  <u>Smith v. Sch. Dist. of Philadelphia</u>, 112 F. Supp. 2d 417, 425 (E.D. Pa.

2000) (citing <u>Petula v. Mellody</u>, 631 A.2d 762 (Pa. Commw. Ct. 1993)).  Similarly, school board

members, "entrusted with a policymaking role for the School District, are high public officials entitled to

absolute immunity from state law suits when acting in their official capacities."  <u>Zugarek</u>, 214 F. Supp.

2d at 479 (citing <u>Jackson v. Coatesville Area Sch. Dist.</u>, No. 99-1495, 2000 WL 1185375, at *9

(E.D. Pa. Aug. 21, 2000) (citing <u>Matta v. Burton</u>, 721 A.2d 1164, 1166 (Pa. Commw. Ct. 1998))).

Unlike school superintendents and school board members, principals and teachers do not qualify as

high public officials for purposes of this common law immunity doctrine and therefore immunity does not

apply to Defendants Beaumont and Defendant Teachers.  <u>Smith</u>, 112 F. Supp. 2d at 425 n.6.

Even though Superintendent Stapleford and Defendant Board Members qualify as high public

officials, the defense of official immunity does not apply to any act by a high public official that

constitutes a crime, actual fraud, actual malice or willful misconduct.  42 Pa. Cons. Stat. Ann. § 8550.

When construed in the light most favorable to Plaintiff, the facts alleged in the amended complaint may,

if proven, establish that the Defendants' "constitute willful, wanton and reckless conduct, committed

---

[4] "In any action against a local agency or employee thereof for damages on account of an injury by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply." 42 Pa. Cons. Stat. Ann. § 8550.

intentionally and with malice towards [Plaintiff]."  (Doc. No. 33 at 28.)  Accordingly, high public official

immunity does not shield Defendants from Plaintiff's tort claims.

**IV.**      **ORDER**

And now, this 21st day of September 2005, for the reasons discussed in the within

memorandum, **IT IS HEREBY ORDERED THAT** Defendants' Partial Motion to Dismiss (Doc.

No. 35) is **GRANTED** in part and **DENIED** in part as follows:

1.      The substantive due process claim contained in Count I is **DISMISSED** as to all Defendants.  However, the procedural due process claim of Count I is not dismissed.

2.      The substantive due process claim of Count II is **DISMISSED** as to all Defendants.  The procedural due process claim of Count II is **DISMISSED** as to all parties except Defendant Stapleford.

3.      The motion to dismiss Count III is **DENIED**.

4.      Count IV of the Complaint is **DISMISSED** as to all Defendants except Defendants Stapleford and Beaumont.

5.      The motion to dismiss Count V is **DENIED**.

6.      Count VII of the Complaint is **DISMISSED** as to all Defendants.

7.      Defendants shall file an answer to all remaining claims within twenty (20) days from the date of this Order.


_____S/ Yvette Kane_____
Yvette Kane
United States District Judge